IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STEWART, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C.O. EMMONS, et al., | : | |
| Defendants. | : | No. 12-1509 |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                              September 9, 2014
**U.S. Magistrate Judge**

      Plaintiff Robert Stewart was detained pre-trial in the Chester County Prison March 25 - 29, 2010, and alleges that mistreatment by the County, its employees, and its contracted medical providers led to a fall that resulted in his quadriplegia.  Plaintiff has settled all claims against the County and its employees.  His remaining claims against Coradaneen Blakely, M.A., Christopher Ladzinski, R.N., Cheryl Boyd, L.P.N., and PrimeCare Medical, Inc. ("PrimeCare Defendants") are based on state law.  On August 16, 2014, the PrimeCare Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction ("Mot.") (doc. 88).  Having considered that motion and Stewart's response ("Resp.") (doc. 91), I deny the motion and exercise my discretion to retain supplemental jurisdiction over the remaining claims, as explained below.

1.     FACTUAL AND PROCEDURAL HISTORY

      On March 25, 2010, Stewart was arrested and detained pretrial at the Chester County Prison.  Second Amended Complaint ("Compl.") (doc. 69) at ¶¶ 14-16.  At his intake interview, Stewart provided some information regarding his history of mental illness, which was noted by the PrimeCare Defendants.  Id. at ¶ 16.  From March 26 through 28, 2010, Stewart was incarcerated first in the prison's general population, and then, after a conflict with corrections

officers, put in restraints and moved to the prison's punitive cell block, and finally moved to the medical cell block, still in arm restraints. Id. at ¶¶ 21-35. On March 29, 2010, Stewart claims that, in a psychotic state, he twice climbed to the top bunk of his cell and attempted suicide by throwing himself onto the floor. Id. at ¶ 43. He claims video evidence establishes he laid in a pool of his own blood for nearly half an hour before his injuries were noticed by the PrimeCare Defendants, even though their own logs document that the required medical checks occurred every fifteen minutes. Id. at ¶ 44.

The original Complaint was filed on March 26, 2012 before United States District Judge Gene E.K. Pratter, and the Amended Complaint was filed in January 2013. After extensive discovery, motions, and oral argument, Stewart was granted leave to amend his Complaint for a second time on March 27, 2014, and he now contends the PrimeCare Defendants knew or should have known he was a potential danger to himself, and that their procedures and actions to protect him were negligent. Id. at ¶¶ 76-117.

Stewart has settled his federal claims against the County and its employees, and they were dismissed from the case on September 2, 2014. Five state law claims remain against the four PrimeCare Defendants: (1-3) professional negligence claims against the three individually-named PrimeCare Medical, Inc. employees; (4) a professional negligence/corporate liability claim against PrimeCare Medical, Inc.; and (5) a vicarious liability claim against PrimeCare Medical, Inc. for the alleged professional negligence of its employees. Compl. at ¶¶ 76-117.

2.  STANDARD OF REVIEW

Federal courts have original jurisdiction over claims based on federal constitutional law. 28 U.S.C. §§ 636(c), 1331. State law claims that are part of the same "case or controversy" as those federal claims are subject to the Court's supplemental or pendent jurisdiction. Id. at §

1367(a).  Courts are given discretion to dismiss even those state law claims over which jurisdiction exists under § 1367(a) in four circumstances: (1) when the claim raises a "novel" or "complex" state law issue; (2) when the state law claim would "substantially predominate" over the related federal claim; (3) when the district court has dismissed all claims over which it had original jurisdiction; and (4) in "exceptional circumstances," when "there are other compelling reasons for declining jurisdiction."  Id. at §1367(c).  When considering whether to exercise its discretion to dismiss a state law claim despite supplemental jurisdiction, courts must consider: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity.  Carnegie Mellon University v. Cohill, 484 U.S. 343, 350 (1988).  When all claims establishing original jurisdiction are dismissed before trial, federal courts generally "decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

3.   DISCUSSION

PrimeCare Defendants move to dismiss based on two of the four circumstances listed in § 1367(c).  Mot. at 3-4 (the claims establishing original jurisdiction have been dismissed and, at trial, state malpractice claims would now "substantially predominate").  They argue: (1) state courts have more familiarity with medical malpractice cases, id. at ¶ 17; (2) there is a "local interest" in "deciding local interests at home" that "promotes the interest of justice," id. at ¶ 19; and (3) "residents of Chester County have a greater interest in deciding matters relating to the medical care provided in the local prison than the jurors within the District Court's scope," id. at ¶ 20.  They also cite a number of cases they claim support declining jurisdiction.  Id. at 4-5.

I find PrimeCare Defendants' arguments, which appear to fall largely into the category of "comity" concerns, unconvincing.  Numerous Pennsylvania medical malpractice cases are

3

litigated in this Court based on its diversity jurisdiction, and Defendants have failed to cite any specific local issue or concern that would inform a Chester County juror's consideration more than that of a juror from the Eastern District, which includes Chester County. Further, the medical malpractice portion of this case involves no "novel" or "complex" issue of state law that would merit deferring to a state court to resolve in the first instance.

Other considerations weigh in favor of retaining jurisdiction. Between Judge Pratter and myself, the parties have filed nine motions and appeared before us at least seven times, not to mention the innumerable smaller discovery and legal disputes that have been resolved by teleconference and/or letter. See California Sun Tanning USA, Inc. v. Electric Beach, Inc., No. 07-4762, 2008 WL 4831694, at *3 (E.D. Pa. Nov. 4, 2008) (exerting supplemental jurisdiction over state law claims after dismissing federal claims because, inter alia, "the court has already expended significant judicial resources in adjudicating many aspects of this case, including the resolution of several motions"); Armes v. City of Phila., 706 F. Supp. 1156, 1166 (E.D. Pa. 1989) (citing "extremely late stage of litigation" in retaining jurisdiction over state claims after dismissing federal claims). I have developed extensive knowledge of this matter, and requiring the state court to expend judicial resources to duplicate my efforts would not serve the interests of justice. Williams v. Newark Beth Israel Medical Center, 322 F. App'x. 111, 113 (3d Cir. 2009) (upholding decision to exercise supplemental jurisdiction over state law claims after dismissing federal claims because District Court had explained its familiarity with the matter and concern over the fairness of requiring parties to start over in state court after expending extensive resources in federal court); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 276 (3d Cir. 2001) (upholding District Court decision to retain jurisdiction when it "had become fully familiar with the factual background and the positions of the parties" ). "Judicial economy" supports

retaining jurisdiction.

Second, although neither party has made any argument with respect to convenience, it is clear that Stewart would have to re-file and re-serve all four remaining Defendants with substantially identical papers if he was required to press his claims in state court, and Defendants would be required to answer them.  Next, in terms of fairness, Stewart argues he would be unfairly disadvantaged if forced to re-file in state court based on his estimate that he would be required to wait, at a minimum, another year and a half before his case reached trial there.  Resp. at 5.  Because I have listed the trial for November 14, 2014, fairness favors retaining jurisdiction.

Finally, the cases the PrimeCare Defendants cited do not require declining jurisdiction.  The main issue addressed in Carnegie Mellon, whether a District Court has the power to remand a case that was originally filed in state court, does not apply in this case, which was originally filed in federal court.  484 U.S. at 350-51.  Moreover, the Carnegie Mellon court's § 1367(c) considerations do not support PrimeCare's position.  One compelling consideration in that matter was the "early" stage of the litigation.  Id. at 350.  Here, however, we are less than two months before trial.  The Carnegie Mellon court also noted that the statute of limitations in that case did not prohibit re-filing in state court; in this case, Pennsylvania's two-year statute of limitations on medical malpractice claims ran out a few days after the federal case was filed.  Id. at 352.  Finally, Carnegie Mellon instructed courts to consider whether retaining or declining jurisdiction would produce the most "prompt and efficient" resolution of the remaining claims.  Id. at 353.  The considerations counseled in Carnegie Mellon weigh in favor of retaining jurisdiction.

The reasoning of the other cases cited by Defendants similarly supports retaining jurisdiction.  In Goodwin v. Seven-Up Bottling Co., No. 96-2301, 1996 WL 601683, at *6 (E.D. Pa. Oct. 18, 1996), the Court declined jurisdiction largely because of the "novel" and "unsettled"

5

questions of state law posed by the case. There are no such concerns here, and one of the other considerations cited in Goodwin, the early stage of the litigation, undermines PrimeCare's position. In Diaz-Ferrante v. Rendell, No. 95-5430, 1998 WL 195683, at *5 (E.D. Pa. March 30, 1998), the court declined to exercise jurisdiction over remaining state law medical malpractice claims after federal constitutional claims were dismissed on the bases of "judicial economy" and "lack of prejudice." The Court explained that: (1) the case had originally been filed in state court and could therefore be remanded without prejudice to the parties; and (2) substantial additional discovery and motions practice would be required regarding the state law claims, so remanding would serve the interests of judicial economy. Id. Both determinative facts in Diaz-Ferrante weigh against dismissal here.

In Harris v. Pennsylvania, No. 13-2888, 2014 WL 941351, at *6 (E.D. Pa. March 11, 2014), the federal claims were dismissed for failure to state a claim at the earliest stage of litigation, so the interests of judicial economy cut in favor of declining jurisdiction. Again, that contrasts sharply with this case. Finally, Imani v. U-Haul Int'l, No. 07-2231, 2007 WL 2595564, at *1 (E.D. Pa. Sept. 4, 2007), does not address supplemental jurisdiction, but rather a request to transfer venue from the Eastern District of Pennsylvania to the Southern District of New York for a case in which the challenged conduct occurred in New York. The Court cited the "need to avoid burdening jurors with cases that have no connection to their community" in granting the transfer. Id. at *6. Because jurors in the Eastern District of Pennsylvania come from Chester

County and its surrounding area, there is no similar burden here.[1]

In this case, the late stage of the litigation, the significant federal judicial resources already expended, the potential delays in state court, the potential statute of limitations issue, the inconvenience to Stewart of re-filing and re-serving Defendants, and the nature of the state law claims weigh in favor of retaining jurisdiction. This will allow this case to proceed to a "prompt and efficient" resolution with the jury trial in November. Carnegie Mellon, 484 U.S. at 353; see also Cronin v. CitiFinancial Services, Inc., 352 F. App'x. 630, 636-67 (3d Cir. 2009) (upholding District Court's retention of supplemental jurisdiction over state law claim that turned on the same facts of a federal claim, even though the elements of the legal claims differed); Cindrich v. Fisher, 341 F. App'x. 780, 789-90 (3d Cir. 2009) (upholding District Court decision to exercise supplemental jurisdiction over some state law claims and not others, because Court had considered judicial economy, fairness, and comity).

An appropriate Order follows.

---

[1] PrimeCare Defendants also cite Gallo v. Washington County, No. 08-504, 2009 WL 274500 (W.D. Pa. Feb. 4, 2009), for the proposition that absent an "'exceptional' reason why the Court should retain this case, [it should] dismiss the professional negligence count without prejudice for said claim to be re-filed in state court." Mot. at ¶ 18. This reasoning mis-states the statute by putting the onus on the party requesting the Court to retain jurisdiction. Read in its entirety, the statute allows the Court to decline jurisdiction in "exceptional circumstances," rather than requiring "exceptional circumstances" to retain it. 28 U.S.C. § 1367(c)(4).